morning counsel counsel for appellant please proceed I'd like to reserve three minutes for rebuttal please all right counsel please be reminded that the time showing is your total time remaining very good thank you good morning and may it please the court Adam Sopko on behalf of appellant Leon Thomas your honors this case is about whether the government can after disclaiming an vigorously litigating the underlying merits preparing for a trial taking an appeal before this very court in 2016 and litigating in a manner the court below described as colossally wasteful now try to dismiss the suit on the basis of a non-jurisdictional affirmative defense it can't from the outset the government has disclaimed exhaustion it's referred to mr. Thomas's claim as exhausted the only exhausted claim in the action properly exhausted and other similar conclusions had the government timely asserted exhaustion before mr. Thomas's statute of limitations ran in February 2014 he could have voluntarily dismissed the suit refiled the same complaint word-for-word that very day and this suit would have moved forward to the merits indeed this is go ahead judge Hansak so it seems undisputed that your client didn't exhaust before he lawsuit so what's your best argument for getting around that because the government does assert failure to exhaust as an affirmative defense in its pleadings and I understand that you you are looking at the course of the litigation of what's your best argument so this this this courts cases are clear that placing an affirmative defense in your answer is not sufficient to survive in their answer but that is not sufficient to survive waiver and it is certainly not asserting an affirmative defense when you place it in your answer and then disclaim it 16 times that's waiving it particularly when you consider the fact that the government had all the evidence that it needed to assert waiver at the outset of this litigation now for waiver this government this court looks at a litigants words and actions to see if it's inconsistent with that affirmative defense and that is absolutely the case here can sit consider their conduct their words alone which words alone are sufficient for waiver they referred to mr. Thomas's claim here as exhausted properly exhausted the only exhausted claim at least 16 times over a near decade that well his claim was ultimately exhausted that's correct but that isn't your honor the question the question before us is whether his suit was premature that's not respectfully your honor that's not the question before the court the question for the court today is whether the government waived or should be a stop from asserting the affirmative defense and that is absolutely the case and if you did you argue waiver before the district court we did your honor if you look for example at docket number two three eight which is the government's reply brief for its motion for judgment on the pleadings page one they refer to our argument by name as waiver several instances and we made that argument in our briefing below and the court recognized it below this court does not require magic words but just so long as the thrust of the argument was asserted below it's preserved for appeal and we absolutely did that here so counsel if we conclude that waiver was not raised in the district court in 2019 do you lose that argument if you can if you conclude that the if I'm sorry no I think that your client didn't argue that the government waived its ability to assert failure to exhaust its defense in 2019 in the district court when the well we've been arguing well the government well I suppose because the government did not know government waited a decade to assert exhaustion so we hadn't argued that it waived the defense before because the government said had not even contemplated asserting exhaustion quite the contrary they asked the district court to put a trial date on the calendar engaged in extensive discovery and they aligned witnesses and all of that is consistent with a waiver of an affirmative defense and that is if you push aside their words just the the 16 times that they said that this claim was exhausted or properly exhausted and look just at their conduct the outcome is the same which is that they waived this and that is consistent with this courts waiver cases now consider their conduct here just aside from their words that is engaging in extensive discovery drafting motions in limine preparing their witnesses that is entirely inconsistent then with raising a non-ex a non-jurisdictional affirmative defense and that is sufficient for waiver that is clearly shows that the government has abandoned this affirmative defense and has relinquished it now in addition to waiver the government's conduct also requires that it be stopped from raising this affirmative defense critically because from 2010 to 2014 had the government asserted this affirmative defense Mr. Thomas could have refiled that very same day the identical complaint without changing a word but they didn't instead they continue to disclaim it and continue to pursue trial preparation in the court below Mr. Sandoval raises a question in my mind that probably has nothing to do with our decision in this case but just a matter of curiosity more than anything else I know that the original complaint was filed pro se and it's certainly understandable that a pro se party might not fully appreciate the timing and all of that but at some point Mr. Thomas was represented by counsel and represented by counsel that got a hold of the file took a look at the file read the papers in the file and filed an amended complaint the question in my mind is why didn't counsel at that time refile given the fact that it was plainly obvious anybody that took a look at the file that the complaint was filed before the administrative claim was exhausted so two points on that your honor first we took the government at its work the government was unequivocal this claim is exhausted properly exhausted the only support that asking for a trial date drafting motions eliminate etc it cannot be so knowing knowing that there was a technical defect and it's a serious technical defect because the statute makes it absolutely clear that for a suit like this to go forward the administrative claim must have been but to just sort of let that sit there and say well let's take a chance that the government doesn't pursue this government did file the affirmative defense it just strikes me odd let me let me ask you this question was there anything or anything in the record to suggest that there was any reason why the complaint couldn't have been refiled rather than amended well the court asked mr. Thomas to refile an amended complaint which he did in July 2010 I'm talking about refiling a suit to obviate the problem with the failure to exhaust the failure to exhaust falls squarely on the defendants and and to to raise an assert and from the outset they've done me but the in this record to indicate that that mr. Thomas was in any way prevented from refiling at a time when he could refile to obviate the problem other than the other than the government disclaiming this 16 times over a decade and pursuing trial there was nothing that that precluded him from doing so other than saying that saying the government disclaims that's that's a little strong and I'm not sure the record would support that your honor they've referred to this claim as exhausted properly exhausted the only exhausted claim and this is a binary issue it's either exhausted or not and they characterize this from the outset as exhausted that is absolutely a disclaimer it's it's it's certainly it's a fact though that it was exhausted it's just the timing was it was exhausted too late which is which is context that the government has not provided they referred to this as properly exhausted not ultimately exhausted or anything of the like despite them making that representation in the brief they did not do that for the preceding decade instead they set an expectation in mr. Thomas that he's relied upon to his detriment and that is text that is a textbook instance to apply a stopple now to apply a stopple against the government there are six factors and all of those factors are satisfied here first the government absolutely knew that mr. Thomas had not exhausted this court says as much when the scheme at issue or the regime is of the government's design and in their sole control and they have access to all relevant documents that flow from that this court's concluded as much as all many cases in the in the instance of a stopper Wharton on page 412 Williford on cannot claim ignorance when the documents needed for the first factor of a stop will flow from something of their design that's Williford specifically page 872 second mr. Thomas had the right to rely on the government's conduct it can't be when you litigate against the government that you cannot take it at its word that cannot be the case the government disclaimed exhaustion 16 times push the judge below to set a trial date and actively prepared for suggest that this that the government was ready to go to trial and mr. Thomas relied on third mr. Thomas had no idea that after all of that the government would particularly after the statute of limitations had elapsed turn face and then finally assert exhaustion after disclaiming it 16 times because of course he had no idea that the government was going to do that now the government advances a different application of this factor in their the outcome is the same which is that it's satisfied they apply under their application it's they asked whether mr. Thomas knew he had exhausted but this court is held under that form of the third factor when it implicates a system or regime of the government's design and under their sole control the court cannot for the purposes of a stop will impute constructive knowledge to the fourth mr. Thomas clearly relied to his detriment the statute of limitations has elapsed and he could have refiled but for the government's representations otherwise and they're only now raising it after the limitations period has elapsed foreclosing his ability to vindicate constitutional violations that is irreparable prejudice because the government's conduct that the government's at least 16 statements disclaiming exhaustion is a clear pattern of affirmative misconduct it must be that when they say at least 16 times that that is a clear pattern of misrepresentations and the case is supported if you look at Watkins there were at least three instances in Johnson versus Williford there were eight we're well past that and so too there is no harm to the public's interest here rather stopping the government says that the government must deal fairly with parties in litigation and that is a notion that's animated the application of the style in numerous cases Watkins Williford rant Wharton and it should do the same here I'd like to reserve the remainder of my time please all right counsel we'll hear from the state good morning your honors and may it please the court assistant United States attorney Jessica Che on behalf of Bradley Jurgensen your honors despite readily acknowledging that he did not complete the statutorily mandated exhaustion process before bringing his complaint to the district court Thomas nevertheless urges this court to reverse the entry of judgment in Jurgensen's favor based on various equitable doctrines that either don't apply in this context were not properly presented to the district court or simply fail on merits first because Thomas didn't properly present his arguments related to waiver forfeiture and estoppel arguments that he relies on heavily if not exclusively this morning the district court had no occasion to consider them and this court should decline to do so on first view because these arguments also fail on the merits the court should reject them in any event secondly and as he readily concedes Thomas identified no authority that would allow for the novel application latches against a defendant as opposed to against a plaintiff as an affirmative defense and latches was an argument that he presented to the district court indeed this court and other courts have construed latches as an equitable affirmative defense that can be applied against plaintiffs but that cannot bar affirmative defenses erased by defendants in the absence of some affirmative relief sought such as a counterclaim or a cross-claim and finally the district court also correctly concluded that the issue of whether Thomas properly exhausted his administrative remedies is a legal conclusion that cannot form the basis of a judicial admission which was the other argument that he properly raised in the district court that he doesn't mention today which would have the we would ask that the court affirm the entry of judgment in favor of Jurgensen why did the government wait so long to do this your honor the timing of the motion was regrettable and the more than regrettable it caused an incredible waste of time energy and in this case it foreclosed mr. Thomas's ability to refile well I would note your honor and this was a point that you touched on earlier with my colleague was that as of the time that mr. Thomas filed his second amended complaint and Jurgensen filed his response response of pleading into that operative second amended complaint in December 2012 he was appointed he had counsel at that point Jurgensen had counsel throughout correct he did indeed your honor but but the point I'm trying to make is that by mr. Thomas's own calculation of when the statute of limitations expired his counsel had over a year upon after receiving Jurgensen's answer to the to look at the case and confirm upon viewing that failure to properly exhaust was an affirmative defense that all claims that mr. Thomas was presenting to the court had complied with the pre-suit exhaustion requirements so that's I think there's you know there's ample blame on both sides of this case and you know as in my colloquy with mr. Sopko I'm still I'm troubled as to why mr. Thomas simply didn't refile way back when he first had counsel but nonetheless you know the government sat on this thing and sat on it for years and litigated and actively litigated forward getting ready on the on the eve of trial springs this I mean what was it that all of a sudden possessed the government to come to the conclusion that they had to take this drastic action well I can't speak to the litigation strategies that occurred in the district court but I will note that just to follow up on the point that I was making earlier that was that mr. Thomas was in fact aware that he had not completed the exhaustion requirement at the time that he brought his complaint the government the government government could have waived it the government could have waived it on there you were on the eve of trial everybody's ready to go this man simply wants to stay in we don't know whether he'll win or lose but he's just wants to stay in court and yes there was a technical violation yes there was a failure to exhaust yes under the statute that's a serious question and in fact it may very well be that the district courts analysis of all the various factors waiver forfeiture estoppel etc perhaps those are correct I'm just very troubled as to why the government would do this and why the government itself just simply didn't waive to give this man his day in court well your honor I would point out that the district court did not make any findings as to waiver forfeiture or estoppel because those arguments simply weren't fleshed out to the district court I'm aware of that I'm just referring to the arguments that were presented in the briefs but you were I'm fully aware of that but the question I'm getting at is I'm still troubled by the fact that somehow the United States government this decides that no no we're gonna rely on this question and deny this man his day in court well I certainly don't understand why you didn't simply waive it move on give him his day in court and be done with it well assuming waiver had had properly been presented to the district court I don't think that mr. Thomas satisfies the standard required for waiver and I think that this court's decision in the Morrison versus Mahoney case is instructive in that regard because that was a case in which this court rejected the notion that the government in that case it was the state was precluded from raising on remand a point that was not reached earlier when the state had prevailed previously on a different issue here the facts the record unequivocally reflects that Bradley Jurgensen twice and timely fled failure to properly exhaust in response to mr. Thomas's first and operative second amended complaints and that the council you didn't pursue that though you plan it but didn't pursue it further we did pursue it in the motion for summary judgment that is before this court today your honor and now in the interim you did not pursue it well that's the it's it's a situation that's somewhat similar to the situation that was an issue in the Morrissey in the Morrissey case in the Morrison case I mean we've talked a couple of times about how this case was on the verge of trial and then the government comes up with this argument advances this argument 2019 but this case was on the verge of trial before several years earlier in 2015 and motions and limiting were filed and in those motions and limiting the government specifically says this trial will be defined by the scope of this one grievance that was filed against Jurgensen that has been exhausted I mean you're the government is affirmatively telling the trial court that this case is going to be governed by this one issue that was fully exhausted and if waiver is all about conduct that is inconsistent with advancing a defense that is available I don't see how it is that the government can say you didn't engage in conduct that's contrary to asserting exhaust failure to exhaust well I would and I agree again that the timing of the motion is unfortunate but I go back to the point to a point that judge Lynn made earlier was that the question was never whether the claim was whether that exhaustion took place prior to mr. Thomas bringing this complaint so here's the quote from the motion to eliminate plaintiffs exhausted AR 566 304 which is the grievance we're talking about plaintiffs exhausted grievance now defines the scope of plaintiffs action at trial that says more than it eventually got exhausted you're telling the court that we're about and only this yes your honor and if that motion and lemonade had been ruled upon and that position had been accepted by the district court then I agree that it could be a problem but that never happened so there can so any argument that informs waiver because that's the government taking a position that's contrary to saying we don't have to go to trial at all because this case was never exhausted I mean you have you the government took a contrary position well I don't think it's contrary to the extent that every time the government asserted that exhaustion had been completed it attached documentation and specifically the Office of General Counsel's April 28th 2010 final appeal decision which clearly indicates the date that was exhausted so nothing in those representations was actually untrue the question is whether or not mr. Thomas completed the statutorily mandated exhaustion process prior to tendering his complaint to the district court and the answer to that is no counsel if that was your position you would not have moved forward toward trial you would have moved to dismiss the case for failure to exhaust that might very well be your honor and to the extent that there was any oversight that doesn't inform the question of whether Bradley Jurgensen waived his entitlement to assert this affirmative defense it was still brought in a motion for summary judgment that was in advance of any trial on the merits so if we by contrast were in a position where we had gone to trial and there had been a different posture but that's simply not what happened that's not what happened what happened was mr. Jurgensen fled his affirmative defense in to the operative complaint and later raised it in a motion for summary judgment so so counsel in terms of this matter not being addressed in the district court on the Novo review as an issue of law we may consider it to agree I think that the court may consider it but I think that it should decline to do so to the extent that the district court was not given an opportunity to consider these arguments but on the Novo review we can consider it just as well as the district court could if there is no additional evidence this is strictly a matter of law there is nothing else that needs to be done to frame the issue for us so why wouldn't we do it I think that the court could your honor but I think that in light of the Morrison decision that mr. Thomas cannot satisfy the elements of either explicit or implicit waiver Morrison was a case that also involved a government entity asserting although here I would remind the court that this is an individual capacity Bivens defended that asserted a firm an argued a different a different argument in a motion to dismiss now that motion to dismiss was the subject of appeal when it came back on remand the government explicitly waived that defense and then asserted a different affirmative defense in the answer and in response to the petitioners arguments that the government had waived its ability to contest timeliness which was the particular affirmative defense issue in that case this court specifically stated that a party it rejected that notion that a party can't is precluded from raising on remand a point that was not reached before when the same party prevailed earlier and and that's what we have here you're on notwithstanding the fact that I appreciate that the litigation history is extremely lengthy and that the the timing of the motion is unfortunate the question is whether or not Bradley Jurgensen was entitled to assert this affirmative defense and of course he was so unless the court has further questions for me we would respectfully request that the court affirm that this reports entry of judgment in favor of mr. Jason all right thank you thank you bottle thank you your honor so we did preserve our arguments below docket number two three seven pages two through four docket number two three eight page one the government refers to our argument as waiver numerous times not like waiver waiver and the court captured our waiver argument on page seven of the opinion similar with the stopple er pages 28 to 29 judge Bernal asked us are you making an estoppel argument we answered unequivocally yes opinion on page 7 mentions the stopple our arguments are absolutely preserved to make before you this morning that the government has waived this affirmative defense and that they should be stopped from asserting it as well second my friend on the other side is trying to draw a false distinction there are two types of claims exhausted and unexposed they're trying to draw this distinction between properly exhausted maybe exhausted it's exhausted or unexhausted and they said exhausted time and again for nearly a decade to the exhausted so this distinction that they're drawing does nothing to justify their conduct and finally mr. Thomas didn't dismiss and refile because he took the government at its word the government clearly showed that it was ready to move to trial not just for a year or concentrated in one hearing or in one filing they did this across numerous filings across numerous years and across numerous attorneys the message was clear we're ready to go to and counsel below trusted that and now the government is taking that expectation and turning that against them to deny him his day in court this that is not allowed under this court's precedents in estoppel and in waiver respectfully your honor's we ask that the decision below be vacated and remanded so that both parties can move forward to the trial that they've been actively preparing for for several years thank you all right thank you counsel thank you to both counsel on behalf of the court we would like to thank the supervisor an attorney and mr. Sopko from Northwestern University for your representation of this just argued we'll be submitting for a decision by the court a final case on calendar for argument is LC versus Alta Loma school district
judges: Rawlinson, Linn, Hunsaker